IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>EL COMANDANTE MANAGEMENT COMPANY, LLC, et al.,<br><br>    Debtors. | Case No. 04-10938 (ESL)<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| THE OFFICIAL UNSECURED CREDITORS' COMMITTEE,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., INDIVIDUALLY, AND IN ITS CAPACITY AS INDENTURE TRUSTEE,<br><br>    Defendant. | Adversary Proc. No. 06-0056 |

## OPINION AND ORDER

This case came before the court on June 27, 2006, for a Status Conference. Pending before the court is a critical jurisdictional issue, that is, whether or not the creditors' committee ("Committee"), plaintiff herein, has standing to file the instant complaint. Wells Fargo Bank, National Association, in its capacity as Indenture Trustee ("Indenture Trustee") alleges that the Committee lacks standing to file this action without leave of court, thus, the court lacks subject matter jurisdiction in this proceeding. For the reasons set forth below, the court finds that the Committee has standing to file the instant adversary proceeding.

### Procedural Background

The Committee filed the instant complaint on March 7, 2006, to determine the validity, priority and extent of the security interest of the Indenture Trustee in property of the estate,

particularly under Claim No. 76. The Indenture Trustee filed an "Opposition To Motion To Join The Debtors In The Adversary Proceeding As Joinder Of Persons Needed For Adjudication" (Docket No. 26), and argued that: (a) the Committee lacks standing to file the instant complaint, as the Committee did not request leave of court prior to the filing; and (b) the issue of the "validity, priority, extent and amount" of the Indenture Trustee's indebtness as of petition date, was resolved by a "Stipulation For Entry Of Final Partial Judgment" filed jointly by the Indenture Trustee and the debtors herein on August 22, 2005, in the case of <u>Wells Fargo Bank Minnessota, N.A. v. El Comandante Capital Corporation and Housing Development Associates, S.E.</u>, Case No. 03-1796 (RLA), (Docket No. 83), and the Final Partial Judgment approving the Stipulation entered on August 30, 2005 (Docket No. 84).[1] Based on these premises, we will address the jurisdictional issue pending before the court.

### Applicable Law and Discussion

Sections 1103(c)(5)[2] and 1109(b)[3] of the Bankruptcy Code govern the duties and powers of the creditors' committees, and their right to be heard as a party in interest. These sections are broad

---

[1]     The court notes that El Comandante Management Company, Inc. was not a party in the district court action, and the Stipulations filed both in the district court and the bankruptcy court failed to include a list of the "various collateral" or items subject to the security interest of the Indenture Trustee.

[2]     Section 1103(c)(5) provides:

A *committee* appointed under section 1102 of this title may—

(5) *perform such other services as are in the interests of those represented.* (Emphasis ours.)

[3]     Section 1109(b) provides:

A party in interest, including the debtor, the trustee, *a creditors' committee*, and equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. (Emphasis ours.)

and controlling when considering whether a committee has standing to file an adversary proceeding in a chapter 11 case. "Most bankruptcy courts that have considered the question have found an implied, but qualified, right for creditors' committees to initiate adversary proceedings in the name of the debtor in possession under 11 U.S.C. §§ 1103(c)(5) and 1109(b), (citations omitted), or in reliance on an implied continuation of creditors' committee powers under the pre-1978 Code." *In re STN Enterprises, d/b/a Atwater Arms*, 779 F.2d 901, 904 (2nd Cir. 1985). In *STN*, the court agreed that sections 1103(c)(5) and 1109(b) "imply a qualified right for creditors committee to initiate suit with the approval of the bankruptcy court." Id.

However, the issue before the court is whether the creditors' committee may file a complaint under its own name, as opposed as in the name of the debtor in possession. "A committee may initiate a contested matter or initiate an adversary proceeding in its own name in the chapter 11 case." 7 Lawrence P. King, *Collier on Bankruptcy* ¶ 1103.05[5] 15th Edition Revised 2006. "[S]ince the creditors' committee is the representative of the unsecured creditors, it should also have standing wherever necessary to take appropriate action to advance or preserve the interest of general creditors." Lawrence Ponoroff, Steven E. Snyder, *Commercial Bankruptcy Litigation* § 1:8 (May 2006). "A general right to be heard would be an empty grant unless those who have such right are also given the right to do something where those who should will not." *Matter of Joyanna Holitogs, Inc.*, 21 B.R. 323, 325-326 (Bankr. E.D. Tennessee 1983).

The Bankruptcy Code does not expressly provide whether the creditors' committee has standing to file an adversary proceeding. *In re STN Enterprises, d/b/a Atwater Arms*, 779 F.2d 901, 904 (2nd Cir. 1985). On the other hand, section 1109(b) does not prohibit the creditors' committee from filing an adversary proceeding to pursue its rights. In *Matter of Joyanna Holitogs, Inc.*, 21 B.R. 323, 325-326 (Bankr. E.D. Tennessee 1983), the court held:

- 3 -

> Notwithstanding the absence in the Code of a plainly expressed grant giving a creditors' committee the standing said to have been implied in the 1898 Act, this court assumes that Congress did not intend to deny a debtor's creditors the opportunity to vindicate his and their rights for it could have said so clearly were it otherwise.  Indeed, Section 1109(b) provides a strong foundation upon which such a principle should be built. . . .

> Section 1109(b) continues the broad concept carried over from the 1898 Act, of the broad right to be heard in order to insure that the dark corners of commerce are illuminated.  . . .  In short, the right to be heard given the creditors' committee, (citation omitted), includes the right to sue where a trustee or debtor in possession will not.  To hold otherwise, would frustrate Congress' decades-old effort to limit a debtor's generosity with its assets.  However, that standing to sue means that the committee is plaintiff on behalf of the debtor and in the debtor's name.

See also, Collier on Bankruptcy ¶ 1109.05, for a general discussion on the creditors' committee standing to file suit to pursue several rights.

"Although the Bankruptcy Code is silent with respect to the right of a creditors' committee to file an adversary proceeding, almost all of the courts that have considered this issue have been unanimous in recognizing that such a right exists."  Lawrence K. Snider, *Recent Decisions Regarding Creditors' Committees*, 21-MAR Am. Bankr. Inst. J. 22 (2002).  However, most courts agree that prior approval by the bankruptcy court be obtained by the committee.  Id.

Bankruptcy Rule 3007 governs the objections to claims and provides that:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with the notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Pursuant to Bankruptcy Rule 7001 (2) a proceeding to determine the validity, priority, or extent of a lien must be filed as an adversary proceeding.

- 4 -

In the instant case, the Committee filed an adversary proceeding to: (a) object to Claim No. 76 filed by the Indenture Trustee, on the ground that the Indenture Trustee does not hold a security interest on El Comandante Management Company, LLC's ("ECMC") property of the estate; (b) request a determination on the extent of the Indenture Trustee's alleged lien, if any, on ECMC's assets; (c) pursue the rights of the general unsecured creditors, as the larger the amount of the unencumbered assets, the larger the distribution to unsecured creditors; (d) pursue the action to benefit the estates, and vindicate the rights of the unsecured creditors, as the debtors may be impaired to do so under the terms and conditions of the stipulation for entry of final partial judgment entered into by debtors and Wells Fargo, in the U.S. District Court, Case No. 03-1796 (RLA), and the stipulations for adequate protection payments entered postpetition[4] by debtors and Wells Fargo, in its capacity of Indenture Trustee, to avoid foreclosure of the property where the horse racetrack is located, and consequently, the closing of the debtors' operation; and, (e) assert the correct amount owed to the Indenture Trustee under its secured and unsecured claim, prior to confirmation, to determine how much it is in fact owed to the Indenture Trustee, and how said amount will be paid. Clearly, the above claims for relief require the filing of an adversary proceeding.

The debtors' hands may be tied, at this stage of the proceedings, to question the Indenture Trustee's lien due to their desperate effort to continue operating, but the Committee has a duty to investigate and pursue the rights for the benefit of the estates. Generally, the courts acknowledge that the creditors' committee has a right to pursue an action for the benefit of the estate. Some courts may find that it is desirable that leave of court be obtained prior to filing an action through an adversary proceeding, however, prior leave of court is not mandatory, pursuant to sections 1103(c)(5)

---

[4] The court notes that, the terms and conditions of the postpetition stipulation filed by the debtors and the Indenture Trustee in the bankruptcy case, the debtors reserved their right to request a valuation of the debtors' assets at any time.

and 1109(b) of the Bankruptcy Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

The Indenture Trustee has cited the case of *In re America's Hobby Center, Inc.*, 223 B.R. 275 (Bankr. S.D.N.Y. 1998), in support of the lack of standing of the creditors' committee to file the instant complaint. This case should be distinguished from the facts of the case at bar. In *America's Hobby*, the creditors' committee objected to a stipulation to be entered by the debtor and the bank in order to get cash and continue operations. The court held that in bankruptcy it is normal that in order to get cash, the debtor is willing to "ratify their prepetition lending agreements and waive the right to challenge the lender's security interest." 223 B.R. at 278. The court allowed the creditors' committee thirty (30) days "to object to the validity of the bank's security interest." Id. Instead, the creditors' committee filed an adversary proceeding on several grounds. The court concluded that the creditors' committee lacked standing to file the adversary proceeding, regardless of the stipulation entered into by the debtor. Although the court held that the creditors' committee "does not have unfettered discretion to sue simply on its own say-so," the court clarified its statement in note 3, and held:

> I do not mean to suggest that the Committee had no right to object to the *amount* of the secured claim absent court approval, for the Bankruptcy Code itself vests all parties in interest with the right to object to claims, albeit that, in the first instance, as a matter of common practice that right is generally exercised by the trustee or debtor in possession. ... An objection to a claim does not require an adversary proceeding; but when that objection is joined with a request for relief such as to avoid a lien or subordinate a valid security interest, an adversary proceeding must be commenced and *STN Enterprises* is implicated. *See Fed.R.Bankr.P. 3007.*

223 B.R. at 280, n 3.

The Indenture Trustee does not question the Committee's standing to file an objection to its claim as a contested matter, but alleges that the committee lacks standing, absent prior approval of

- 6 -

the court, to initiate an adversary proceeding to challenge the validity and extent of its lien. Yet, the action brought by the Committee challenging the claim requires the filing of an adversary proceeding. Also, the debtor may be estopped from challenging the secured status of the Indenture Trustee's claim on account of the stipulations for adequate protection. Pursuant to these facts the court finds that prior court approval is not mandatory for the Committee to have standing to file the instant adversary proceeding to challenge the Indenture Trustee's lien for the benefit of its constituency, the unsecured creditors, when the debtor may be legally estopped from doing so. The court notes that the debtors have requested, and on even date the court has granted, leave for joinder to protect their interests as parties that may be affected by the outcome of the litigation.

### Conclusion

In view of the foregoing, the court finds that the unsecured creditors' committee has standing to file the instant adversary proceeding for the benefit of the debtors' estates, and to protect the rights of the general unsecured creditors.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of July, 2006.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

-7-